IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY A. BURLESON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-2533-K |
| | ) | |
| LASALLE SOUTHWEST CORRECTIONS, ET AL., | ) | |
|     Defendants. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff is a state prisoner confined in the Jack Harwell Detention Center in Waco, Texas. At the time he filed this complaint, Plaintiff was incarcerated in the Johnson County Corrections Center in Cleburne, Texas ("Johnson County Jail"). Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are LaSalle Southwest Corrections ("LaSalle"), which manages the Johnson County Jail, and Captain King, who is an officer at the Johnson County Jail. The Court has not issued process pending judicial screening.

Plaintiff claims Defendant LaSalle opened his legal mail, and denied him access to the law library. He states the Warden of the Johnson County Jail ("Warden") questioned him about a grievance he filed and that this questioning without counsel violated his rights. He claims

**Findings and Conclusions of the**
**United States Magistrate Judge**    Page -1-

Captain King altered his property file without him being present.  He states that in retaliation for filing a grievance, the Warden removed him from his trusty job and transferred him to a jail in Waco, Texas.  He also alleges his bond is set too high.

Plaintiff seeks a temporary restraining order, release from custody on a lower bond, money damages and criminal charges against Defendants.

## II.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v.*

*Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

#### A. Prison Regulations

Plaintiff claims Defendants violated prison regulations when Captain King altered his property file without him present, and when the Warden questioned him about a grievance he filed. A plaintiff under § 1983, however, must show a violation of his federal constitutional rights. A violation of prison regulations does not state a claim under § 1983. *See Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (holding alleged violations of TDCJ procedural rules did not present an arguable basis to support a due process claim); *Scheidel v. Sec'y of Pub. Safety & Corr.*, 561 Fed. Appx. 426, 426 (5th Cir. 2014) (stating violations of prison rules do not alone rise to the level of a constitutional violation). These claims should be denied.

Additionally, Plaintiff claims the Warden violated his constitutional rights by asking him about a grievance without a lawyer present. *Miranda* requires that prior to a custodial interrogation an accused person must be warned: (1) that he has a right to remain silent; (2) that any statement he makes can and will be used as evidence against him in court; (3) that he has a right to consult with counsel prior to questioning; (4) that he has a right to have counsel present during any questioning; and (5) that if he cannot afford an attorney a lawyer will be appointed to represent him. *Garcia v. Stephens*, 793 F.3d 513, 520-21 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 897 (2016).

In this case, Plaintiff filed a grievance about medical care. He was not accused of any offense. The Warden's questions regarding the grievance therefore did not infringe on Plaintiff's

*Miranda* rights.  Plaintiff's claim should be dismissed.

**B.      Access to Courts**

Plaintiff claims Defendant LaSalle opened his legal mail and denied him access to the law library.  To hold LaSalle liable, Plaintiff must show that an action pursuant to official policy caused his injury.  *Connick v. Thompson*, 563 U.S. 51, 60-61 (2011).  Plaintiff must show that such a policy was the "moving force behind the constitutional violation at issue, or that [Plaintiff's] injuries resulted from the . . .  policy."  *Spiller v. City of Tex. City Police Dept.*, 130 F.3d 162, 167 (5th Cir. 1997).   The description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts.  *Id*. Plaintiff, however, has alleged no official policy or custom by LaSalle.

Additionally, to state a claim for violation of the right to access the courts, a prisoner must demonstrate that his position as a litigant was prejudiced. *Walker v. Navarro Cnty. Jail,* 4 F.3d 410, 413 (5th Cir.1993); *see also Lewis v. Casey,* 518 U.S. 343, 354 (1996).  Plaintiff has made no allegation that he missed any court date or was unable to file a complaint.  These claims should be dismissed.

**C.      Retaliation**

Plaintiff claims the Warden retaliated against him for filing a grievance by terminating his trusty job and transferring him to a jail in Waco.  To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). "Causation requires a showing that but

for the retaliatory motive the complained of incident...would not have occurred." *Id.* (internal quotation marks and citations omitted.)  Further, the retaliatory adverse act must be more than de minimus.  *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006).

Although a prisoner has no right to be housed at a particular facility, or be assigned to a particular job, if the transfer and removal as trusty were done in retaliation for Plaintiff filing a grievance, it can rise to the level of a retaliatory adverse act.  *See Turner v. Cain*, 647 Fed. Appx. 357, 361-62 (5th Cir. 2016).  In this case, Petitioner states the Warden questioned him about the grievance he filed, and told him that prisoners who file grievances were not given trusty jobs because those prisoners "interrupt the flow."  (Compl. Ex. 1 at 2.)  After that discussion, Plaintiff states he was removed as a trusty and transferred to a jail in Waco.

Construing Plaintiff's claims liberally, it appears Plaintiff has alleged a custom or policy stated by the Warden that prisoners who file grievances are not allowed to be a trusty.  Taking Plaintiff's claims as true, the Court determines this claim against LaSalle should proceed and process should be issued as to this Defendant.

**4.     Bond**

Plaintiff states his bond is set too high and he seeks a reduction in the bond amount. Plaintiff, however, has alleged no facts showing that Defendant LaSalle or Defendant King had any personal involvement in setting his bond.  This claim should be dismissed.

**5.     Restraining Order**

Plaintiff seeks a restraining order against Defendants to prevent the continued alleged violation of his civil rights.  Plaintiff, however, is no longer incarcerated at the Johnson County

Jail where he alleges his rights were violated. Plaintiff has not established that he is entitled to a restraining order against these Defendants.

**6.     Relief**

As part of his request for relief, Plaintiff seeks criminal charges against Defendants. This relief is not available under § 1983. The prosecution of state or federal criminal offenses falls within the exclusive jurisdiction of the executive branch of the state and federal government. *Pierre v. Guidry*, 75 Fed. Appx. 300 (5th Cir. 2003) (per curiam).

**IV.  Recommendation**

The Court recommends that: (1) Plaintiff's retaliation claims against LaSalle should proceed and process should be issued as to this Defendant; (2) Plaintiff's remaining claims should be dismissed with prejudice; and (3) all pending motions should be denied.

Signed this 7th day of October, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).